ÆTNA INS. CO. et al. v. DAVIDSON S. S. CO. (two cases).

DAVIDSON S. S. CO. v. BACON.

(Circuit Court of Appeals, Seventh Circuit. December 17, 1919.)

No. 2455.

1. APPEAL AND ERROR ⊜⟶1012(1)—FINDINGS OF FACT—REVIEW.
    Where trial judge saw and heard the witnesses, findings upon issues of fact will not be set aside, unless the cold type in the record demonstrates findings either were unsupported by the evidence, or were made in the face of a preponderance to the contrary.

2. WHARVES ⊜⟶20(2)—WHARFINGER'S LIABILITY FOR DAMAGES TO VESSELS.
    Though a wharfinger is not a guarantor of safety, he must use reasonable diligence to ascertain the condition of the berths into which he invites vessels, and a navigator has the right to assume that such care has been exercised, and a wharfinger is liable for damages occasioned by a submerged obstruction that was close enough to the dock to be reached by vessels of usual length lying at the dock, and which reasonable diligence on his part would have disclosed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Libels by the Ætna Insurance Company and another against the Davidson Steamship Company and by the Steamship Company against E. R. Bacon, consolidated. From a decree in favor of the Steamship Company, the Insurance Company and others and respondent Bacon appeal. Affirmed.

Charles E. Kremer, of Chicago, Ill., for appellants.
Harvey D. Goulder, of Cleveland, Ohio, for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Appellee's schooner went to appellant Bacon's elevator at South Chicago to be loaded with corn destined to Buffalo. While at the elevator dock she sprang a leak, and the cargo was somewhat damaged. Appellants, one the owner and the others the insurers, who had paid part of the loss on the cargo, alleged that the leak was due to the unseaworthiness of the schooner and to improper loading by appellee. According to appellee's libel against Bacon, owner of cargo, elevator, and dock, the loading, which was properly done, lowered the schooner so that her keel rested upon and was spilt by a submerged obstruction. On final hearing of the consolidated cases the District Court dismissed appellants' libel, and entered a decree in appellee's favor for the damages to the schooner.

[1] As the trial judge saw and heard the witnesses, his findings

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon the issues of fact will not be set aside, unless the cold type in the record demonstrates that a material finding either was unsupported by evidence or was made in the face of a clearly ascertainable preponderance to the contrary. Royal Exchange Assurance v. Graham & Morton Transp. Co., 166 Fed. 32, 92 C. C. A. 66; Monongahela River Consol. Coal Co. v. Schinnerer, 196 Fed. 375, 117 C. C. A. 193.

[2] Our study of the reported testimony leaves us under the conviction that the schooner was staunch and seaworthy when loading commenced; that loading was properly conducted; that there was a submerged pile somewhat beyond the limits of Bacon's dock, but so near thereto that vessels of usual length, lying at the dock, would extend to that point; that the obstruction was unknown to appellee; that, though Bacon was also unaware of its existence, reasonable diligence on his part would have disclosed the danger; and that the damages to the schooner and her cargo were wholly due to the submerged obstruction.

Though a wharfinger is not a guarantor of safety, he must use reasonable diligence to ascertain the condition of the berths into which he invites vessels, and the navigator has the right to assume that such care has been exercised. Smith v. Burnett, 173 U. S. 430, 19 Sup. Ct. 442, 43 L. Ed. 756; C. F. Harms Co. v. Upper Hudson Stone Co., 234 Fed. 859, 148 C. C. A. 457.

The decree is affirmed.