## SLATER FIREPROOF STORAGE CO. v. NICHOLSON TRANSIT CO. et al.

### No. 4360.

Circuit Court of Appeals, Seventh Circuit.

March 13, 1931.

Louis Greenberg and John F. Higgins, both of Chicago, Ill., for appellant.

Carl V. Essery, of Detroit, Mich., and Robert Branand, Jr., of Chicago, Ill., for appellees Nicholson Transit Co. and another.

Lewis F. Mason, of Chicago, Ill., for appellee City of Chicago.

Before ALSCHULER and SPARKS, Circuit Judges, and BALTZELL, District Judge.

### ALSCHULER, Circuit Judge.

The suit was in admiralty, brought by libelants against the city of Chicago and the appellant, Slater Fireproof Storage Company, to recover damages alleged to have been occasioned to libelants' wooden steamer Fellowcraft because of defective condition of the municipal pier at Chicago at that part of the pier which had been leased by the city to appellant. It is alleged in the libel, and there was evidence to show, and the court found, that several feet below the water there projected beyond the face of the pier, in some cases as much as eleven inches, the tie rods or bolts designed to hold in place piles upon which rested the concrete structure of the pier, and that the Fellowcraft, while discharging cargo at appellant's part of the pier, came in contact with these protruding tie rods or bolts, causing holes to be made in the steamer's side, and letting in water, which caused the steamer to sink.

The court found appellant liable primarily, and the city secondarily liable in case the judgment awarded against appellant is not paid. Appellant challenges the correctness of this sequence of liability.

The city built the municipal pier, and in 1923 leased to appellant for the term of five years the west 500 lineal feet of the east 640 feet, being 50,000 square feet "of the first or freight floor of the north freight and passenger shed of the municipal pier." It was provided in the lease that lessee was to use the premises for "shipping and dead storage of automobiles"; that lessee was to do no construction work on the pier, and would permit lessor to have free access to the premises for "examining the same or to make any needful repairs."

Appellant contends that it was but one of several tenants of the pier, and ought not to be held for defects and obstructions which it did not place there, and which it could not by the exercise of ordinary diligence have discovered; but that, if liable at all, it was only secondarily, after the city, which was primarily liable for having constructed or placed this obstruction or nuisance to navigation where vessels would be likely to come in contact with it.

The city, in its brief, practically concedes its own liability, but insists that under paragraph 8[1] of the lease appellant assumed pri-

---

[1] "8. The Lessee agrees to save and keep harmless the City of Chicago of and from any and all costs, expenses and damages, and any and all claims, demands or liability, on account of or by reason of any act or omission, negligent or otherwise, of the Lessee or any employe or employes of said Lessee, and in the event that any proceeding or suit is instituted against said City of Chicago or any of its officers or agents on account of or arising out of any such claim as herein mentioned, then the said

mary responsibility, and agreed to save and protect the city against any liability for injuries occasioned at this part of the pier during the term of the lease, and to discharge any judgment which might be rendered against the city.

Appellant was conducting the demised premises as a wharf for receiving and storing automobiles, and invited lake carriers of such freight to dock there.

While a wharfinger does not guarantee the safety of the wharf or dock, and does not impliedly contract to be liable in any event for injuries through contact of vessels with obstructions there, he is required nevertheless to exercise reasonable care to prevent injury to vessels because of such obstructions of which he knew, or of which by the exercise of reasonable care he should have known. Smith v. Burnett, 173 U. S. 430, 19 S. Ct. 442, 43 L. Ed. 756; Aetna Ins. Co. v. Davidson S. S. Co. (C. C. A.) 257 F. 68; Harms Co. v. Upper Hudson Stone Co. (C. C. A.) 234 F. 859. One of those implied duties devolving on the wharfinger is the making of reasonable inspection of the wharf and its approach to ascertain whether there are dangerous obstructions. Smith v. Burnett, supra; The Chancellor, 30 F.(2d) 227 (C. C. A. 2d); Transmarine Corp. v. Fore River Coal Co., 28 F.(2d) 624 (D. C. Mass.). If the failure to exercise such care is the proximate cause of injury to a vessel docking there, the wharfinger is liable for his omission of duty.

It is apparent from the evidence that a very simple inspection would have revealed the existence of these projecting rods, so potentially dangerous to wooden ships, such as the one in question. The use of a pole shortly after the accident revealed their presence. The court properly concluded that appellant's negligence contributed to the injury, and that appellant was liable.

The city, which constructed the pier and placed, or permitted to be placed, and suffered to remain, the protruding rods which caused the injury, is of course liable, and judgment against both appellant and the city was warranted.

Apart from the effect to be given paragraph 8 of the lease between appellant and the city, we need not determine which, if ei-

ther, of the defendants to the action had primary liability. The paragraph specifies that the lessee shall hold the city harmless from all damages for liability "on account of or by reason of any act or omission, negligent or otherwise, of the Lessee." The lessee's failure to make the inspection, and either to remove the obstruction that would thus have been revealed, or to warn the boat of the danger, was lessee's omission, but for which the accident and consequent liability of the city would, in all likelihood, not have occurred.

Paragraph 8 is sufficiently broad to include within its terms lessee's protection of the city against liability under the circumstances here appearing; and it was proper to find appellant primarily and the city secondarily liable, as was done.

The judgment is affirmed.

---

Lessee shall defend the same at its own cost and expense and shall pay any judgment rendered therein against said City of Chicago or any of its officers or agents. If said Lessee refuses or neglects to so defend any and all such actions, said party shall pay all costs, expenses and attorney's fees which the said City of Chicago or its officers or agents are subject to in the defense of the same."